

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

OCT 04

Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| LANICA LATRICE RAY,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES, ORANGE COUNTY, CALIFORNIA,<br><br>Defendant. | Cause No. CV 19-125-M-DLC-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On July 30, 2019, Plaintiff Ray moved to proceed in forma pauperis with this action. The motion will be granted, if only because there is no need to further delay resolution of this matter.

"A civil action is commenced by filing a complaint with the court." Federal Rule of Civil Procedure 3. A complaint requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2).

Ray's complaint is very difficult to understand. It appears, however, that she is asking the Court to appoint an attorney to represent her so that she may uncover any civil rights violations she may plead against the Department of Child Support Services of Orange County, California. *See, e.g.,* Compl. (Doc. 2) at 7 ¶ VI.

1

Ray alleges no fact supporting an inference that the Orange County agency violated any of her rights or is not legally entitled to collect a debt from her. Nor does she allege any fact supporting an inference that an agency of Orange County, California, would be subject to the jurisdiction of this Court. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 279 (2014). No meaning is conveyed by Ray's quotation of the grand jury clause of the Fifth Amendment, the speedy trial clause of the Sixth, the Eighth, the Thirteenth, and the citizenship clause of the Fourteenth Amendment. *See* Compl. at 1–14.

Courts exist to resolve existing disputes and provide remedies. They do not create litigation by appointing attorneys to find some case to be made.

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). And courts must briefly explain deficiencies that may be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But Ray's complaint does not suggest any claim might exist.

Based on the foregoing, the Court enters the following:

## ORDER

Ray's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The

2

clerk will waive the filing fee and edit the docket text to show that the Complaint

(Doc. 2) is filed.

The Court also enters the following:

## RECOMMENDATION

1. The Complaint (Doc. 2) should be DISMISSED for failure to state a

claim on which relief may be granted.

2. The clerk should be directed to enter, by a separate document, a judgment

of dismissal.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate

Procedure 24(a)(4)(B), that an appeal would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Ray may object to this Findings and Recommendation within 14 days. *See*

28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar *de novo*

review by the district judge and/or waive the right to appeal.

Ray must immediately advise the Court of any change in her mailing

address.  Failure to do so may result in dismissal of this action without notice to

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Because Ray will be served by U.S. Mail, Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

her.

DATED this 4th day of October, 2019.

Kathleen L. DeSoto
United States Magistrate Judge