FILED

OCT 2 5 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| LANICA LATRICE RAY, | CV 19–125–M–DLC–KLD |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| DEPARTMENT OF CHILD SUPPORT SERVICES, ORANGE COUNTY, CALIFORNIA, | |
| Defendant. | |

Before the Court is the Order and Findings and Recommendations of United States Magistrate Judge Kathleen L. DeSoto. (Doc. 6.) Ray, a pro se plaintiff proceeding in forma pauperis, filed her complaint with the Court on July 30, 2019. (Doc. 2). On October 4, 2019, Judge DeSoto recommended that the Court dismiss the complaint for failure to state a claim. (*Id.* at 3.) Because she failed to timely object, Ray waived her right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews the Magistrate Judge's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149

(1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Following its review of Judge DeSoto's Findings and Recommendations (Doc. 6), the Court finds no clear error in her conclusion that Ray's Complaint (Doc. 2) should be dismissed for failure to state a claim. While "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," the Court agrees with Judge DeSoto's conclusion that Ray's complaint, liberally construed, does not suggest any claim might exist. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Although Ray enumerates various constitutional Amendments (*see* Doc. 2 at 13–14), the Court fails to see how they bear on her factual allegations. Furthermore, the Court cannot appoint Ray an attorney "for a[] review" of "possible" civil rights violations she may plead against Defendant, which appears to be the relief she seeks. (Doc. 2 at 6.)

Accordingly, reviewing Judge DeSoto's Findings and Recommendations for clear error and finding none, IT IS ORDERED that:

(1) Judge DeSoto's Findings and Recommendations (Doc. 6) is

ADOPTED IN FULL, and this matter is DISMISSED for failure to state a claim.

(2) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that the Court CERTIFIES, pursuant to Rule 24(a)(3)(A), Fed. R. App. Proc., that any appeal of this decision would not be taken in good faith. No reasonable jurist could conclude that an appeal would have merit. The record makes plain that the Complaint lacks arguable substance in law or fact.

DATED this 25th day of October, 2019.

Dana L. Christensen, Chief Judge
United States District Court